IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIEL MCRAE | * | |
| | * | |
| Petitioner | * | Civil No. PJM 13-3331 |
| v. | * | |
| | * | Criminal No. PJM 10-0127 |
| UNITED STATES OF AMERICA | * | |
| | * | |
| Respondent | * | |

## MEMORANDUM OPINION

Daniel McRae has filed a Motion to Correct, Vacate, or Set Aside a Sentence Pursuant to 28 U.S.C. § 2255. Having considered McRae's Motion and the Government's Response thereto, the Court **DENIES** his Motion.

### I.

On March 22, 2010, following a Grand Jury indictment, McRae was charged with one count of bank robbery in violation of 18 U.S.C. § 2113(a). On April 26, 2012, he pleaded guilty to the charge and waived his right to appeal any sentence less than 188 months. This Court conducted a careful plea colloquy and concluded that McRae's plea was knowing and voluntary.

McRae's Presentence Report ("PSR") designated him as a career offender because his criminal history included at least two felony crimes of violence: (1) Robbery With a Deadly Weapon (Circuit Court for Prince George's County, No. CT001931X); (2) Second Degree Assault (Circuit Court for Montgomery County, No. 91851C); and (3) Second Degree Burglary (Circuit Court for Montgomery County, No. 105205C). Based on a total offense level of 29 (including a 10-level increase because of McRae's designation as a career offender) and a criminal history of category VI, the custody range under the Sentencing Guidelines was 151 to 188 months of imprisonment.

McRae requested a number of continuances prior to sentencing in order to file and litigate Petitions for Writs of Error *Coram Nobis* in state court with respect to his three predicate convictions. In addition, the issue whether Second Degree Assault qualified as a felony crime of violence was under review in this Circuit.

Nonetheless, at McRae's sentencing hearing on January 7, 2013, all three predicate convictions remained in effect and all were classified as felony crimes of violence. McRae did not challenge the applicability of the career offender enhancement. Instead, he argued that a sentence of 120 months imprisonment was sufficient considering his personal history and characteristics. The Government, however, argued that a high-end sentence was appropriate because of McRae's extensive criminal history. This Court imposed a sentence in the middle of the guideline range of 169 months, reasoning, at least in part, that McRae's pattern of serious misconduct warranted a sentence that would ensure that, upon release, he would be too elderly to present a safety risk.

Thereafter, on June 10, 2013, the Circuit Court for Montgomery County entered an order vacating McRae's conviction for Second Degree Burglary.

Then, on June 24, 2013—despite having waived his right to appeal any sentence less than 188 months—McRae appealed his sentence in the present case, arguing that the sentence was unreasonable considering his age, history of trauma, and medical condition. Again, McRae did not challenge his designation as a career offender. On August 21, 2013, his appeal was dismissed on the ground that he had waived his right to appeal the sentence of 169 months.

On October 1, 2013, the Fourth Circuit issued its decision in *United States v. Royal* which, pursuant to *Descamps v. United States*, 133 S. Ct. 2276 (2013), held that Maryland's Second Degree Assault no longer qualified as a predicate felony under the Armed Career

Criminal Act, 18 U.S.C. § 924(e)(1) (the "ACCA"). 731 F.3d 333 (4th Cir. 2013). On November 7, 2013, McRae filed the present Motion for Writ of Habeas Corpus under 28 U.S.C. § 2255, seeking to vacate his sentence of 169 months.

## II.

McRae argues that he should be resentenced because two developments affecting his designation as a career offender have changed since his sentencing: (1) his conviction for Second Degree Burglary was vacated by the Circuit Court for Montgomery County, and (2) Second Degree Assault is no longer a predicate offense for a career offender enhancement. *See Royal*, 731 F.3d at 341. He argues that these two developments collectively nullify his designation as a career offender and entitles him to resentencing. Moreover, he argues that he has not procedurally defaulted his claim because his current argument was futile before *Descamps* and *Royal*, both of which were decided after he was sentenced. He goes on: Even if this Court finds that the misapplication of the career offender enhancement should have been raised at sentencing, or on appeal, his prior counsel's failure to raise the issue amounted to a constitutional failure to render effective assistance and excuses his procedural default.

The Government argues that McRae is not entitled to relief because (1) he did not challenge his career offender designation at sentencing or on direct appeal and, therefore, procedurally defaulted his claim, and (2) guideline errors, including those newly-recognized under *Descamps*, 133 S. Ct. 2276, typically are not cognizable on collateral review.

The Court agrees with the Government.

## III.

### A.

McRae's claim is procedurally defaulted because it was not raised during sentencing or

on direct appeal and he has not demonstrated "cause" and "prejudice," or "ineffective assistance of counsel" to excuse his failure to raise such challenge.

"The existence of 'cause' for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F. 3d 186, 493 (4th Cir. 1999). Nevertheless, the Fourth Circuit has held that the futility of an argument does not demonstrate "cause" if that argument was deemed futile simply because it was believed to be unacceptable to that particular court at that particular time. *United States v. Pettiford*, 612 F.3d 270, 281, 283 (4th Cir. 2010) (holding that "if an attack on a predicate sentence can be raised at sentencing, that attack should be handled by the sentencing judge, irrespective of whether a successful challenge would render a sentencing enhancement obsolete"); *see also Whiteside v. United States*, 775 F.3d 180, 185 (4th Cir. 2014) *cert. denied*, No. 14-1145, 2015 WL 1278533 (U.S. June 29, 2015) ("The demands of finality oblige a petitioner to raise those claims that might possibly have merit even where he thinks [the court] will be unsympathetic to the claim; otherwise the claim is considered procedurally defaulted.") (internal quotation marks omitted).

McRae concedes he did not challenge his career offender status at sentencing or on direct appeal. His argument that challenging his career offender designation would have been futile at sentencing or on direct appeal cannot stand under *Pettiford* and *Whiteside*. Moreover, it is not at all clear that McRae's argument would have been futile at sentencing because, prior to sentencing, he was actively challenging his three predicate convictions in state court in an effort to prevent his classification as a career offender and the career offender enhancement.

Because McRae cannot demonstrate "cause" to excuse his procedural default, a determination as to whether he demonstrates "prejudice" is not necessary. *See Pettiford*, 612

F.3d at 280 n.9.

### B.

Alternatively, McRae argues that if challenging the enhancement was not "futile" under his previous argument, his counsel's failure to raise the challenge excuses his procedural default under the "ineffective assistance of counsel" exception. *See Mikalajunas*, 186 F.3d at 493 ("To establish cause for their default based upon ineffective assistance of counsel, Appellees must show that their attorneys' performance fell below an objective standard of reasonableness and that they suffered prejudice as a result.").

The Court, however, finds that counsel's decision not to challenge the career offender enhancement during sentencing does not fall below an objective standard of reasonableness. *Descamps* and *Royal* were decided after McRae's sentencing, meaning that a challenge to his designation as a career offender, at the time, likely would have been rejected. *See Mikalajunas*, 186 F.3d at 493 (holding that "[c]ounsel's failure to pursue a basis for appeal by reason of a mere miscalculation of the likelihood of success does not constitute constitutionally ineffective representation").

Even if counsel's conduct fell below an objective standard of reasonableness, McRae cannot demonstrate "prejudice" since it is unlikely that, if counsel had challenged his designation as a career offender, this Court would have accepted that argument and imposed a lesser sentence.

### C.

But ultimately, even if McRae's claim was not procedurally defaulted, it is not cognizable.

Although the vacatur of his Second Degree Burglary conviction, which was used as a

predicate offense to impose the career offender enhancement, would create a cognizable claim pursuant to 28 U.S.C. § 2255, *see United States v. Gadsen*, 332 F.3d 224, 228 (4th Cir. 2003), McRae's criminal history still included two predicate offenses: Robbery with a Deadly Weapon and Second Degree Assault, neither of which was vacated. U.S.S.G. §§ 4B1.1 and 4B1.2 (requiring two predicate offenses to impose a career offender enhancement). The question, then, is whether *Royal*'s holding that Second Degree Assault is not a felony crime of violence creates a cognizable claim in McRae's case. The answer is, it does not.

The Fourth Circuit decided this precise issue in *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015), *cert. denied*, No. 14-9792, 2015 WL 2338980 (U.S. June 15, 2015). There, the court concluded that a misapplication of the advisory Sentencing Guidelines did not amount to a "fundamental defect which inherently results in a complete miscarriage of justice" because Foote had been sentenced under an advisory guideline scheme and his sentence did not exceed the maximum statutory limit. *Id.* at 936, 940-44. Other circuits have reached the same conclusion. *See Spencer v. United States*, 773 F.3d 1132, 1135, 1141 (11th Cir. 2014) (holding that the petitioner could not collaterally attack a sentence imposed through a misapplication of the advisory sentencing guideline because the sentence falls "below the statutory maximum, and [Spencer's] prior [predicate] conviction . . . has not been vacated . . . Spencer's sentence was and remains lawful"); *Sun Bear v. United States*, 644 F.3d 700, 705 (8th Cir. 2011) (holding that the petitioner's 360 months sentence, imposed through an erroneous application of the advisory sentencing guideline, "[w]as not unlawful" because it was not "imposed without, or in excess of, statutory authority").

The Court therefore concludes that reclassification of McRae's Second Degree Assault conviction to a non-violent felony crime does not affect his status as a career offender because

his sentence did not exceed the maximum statutory limit.[1]

### IV.

For the foregoing reasons, McRae's Motion to Correct, Vacate, or Set Aside a Sentence Pursuant to 28 U.S.C. § 2255 is **DENIED**.

### V.

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 474 (2000); *Miller-El v. Cockrell*, 537 U.S. 322, 322. A prisoner satisfies this standard by "'demonstrat[ing] that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong,'" and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El*, 537 U.S. at 338 (quoting *Slack*, 529 U.S. at 484). The Court has considered the record and finds that McRae has not made the requisite showing here.

---

[1] The Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) has no bearing on this case. In *Johnson*, the district court designated the defendant as an armed career criminal because his Minnesota conviction for unlawful possession of a short-barreled shotgun qualified as a felony crime of violence under the residual clause of the ACCA. *Id.* at 2557; *see* 18 U.S.C. 924(e)(2)(B) (defining conduct "that presents a serious potential risk of physical injury to another" as a felony crime of violence). The Supreme Court reversed and held that the residual clause of the ACCA violates the Constitution's prohibition of ambiguous criminal laws and the constitutional guarantee of due process. *Johnson*, 135 S. Ct. at 2558. *Johnson* does not affect McRae's argument because his sentence was not enhanced under the ACCA; rather, he received an enhanced sentence under the Sentencing Guidelines, which require a different analysis being merely advisory. None of McRae's predicate felonies involved the residual clause of the ACCA.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**July 31, 2015**