IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIEL MCRAE, | * | |
| Petitioner | * | Crim. No.   PJM 10-0127 |
| | * | Civil No.   PJM 16-2231 |
| v. | * | |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

**MEMORANDUM OPINION**

Daniel McRae, through counsel, has filed a Motion to Correct Sentence Under 28 U.S.C. § 2255. ECF No. 111. For the reasons stated below, the Court **DENIES** his Motion.

On April 25, 2012, McRae pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113. On January 7, 2013, this Court sentenced him to a term of 169 months imprisonment after finding that he was a career offender under U.S.S.G. § 4B1.1. The Court made this determination after adopting the finding of McRae's presentence report indicating that the instant offense of bank robbery was a "crime of violence" and that McRae had at least two qualifying prior convictions that supported the career offender enhancement. Specifically, the Court found that McRae had three prior Maryland convictions that qualified as "crimes of violence."

On November 7, 2013, McRae filed a Motion for Writ of Habeas Corpus under 28 U.S.C. § 2255 seeking to vacate his sentence of 169 months, which the Court denied on various procedural and substantive grounds. ECF No. 107. The Court also declined to issue a Certificate of Appealability, and McRae did not file an appeal. *Id.*

On February 29, 2016, the Office of the Federal Public Defender notified Chief Judge

1

Blake of the District Court of Maryland that McRae was one of 459 defendants it had identified as possibly being eligible for relief under 28 U.S.C. § 2255 on the grounds that the new rule of constitutional law announced in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), held to apply retroactively to cases on collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016), might apply to his case. ECF No. 108. Chief Judge Blake agreed and appointed the Federal Public Defender to assist McRae in preparing a second § 2255 proceeding. *Id.*

McRae then filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) in the Fourth Circuit Court of Appeals for authorization to file a second or successive § 2255 motion. ECF No. 110. On June 20, 2016, the Fourth Circuit granted him authorization (*Id.*), and on June 21, 2016, the present motion was filed. The Government did not file a response.

McRae argues that, in light of the Supreme Court's recent decision in *Johnson*, he is no longer a career offender, since two of his prior convictions for robbery with a deadly weapon and second-degree assault no longer qualify as career offender predicates. In *Johnson*, the Supreme Court struck down the Armed Career Criminal Act's ("ACCA") residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague. 135 S. Ct. at 2557. McRae argues that it follows from *Johnson* that the identical residual clause in the career offender provision of the Sentencing Guidelines (U.S.S.G. § 4B1.2(a)(2)) is also void for vagueness. However, on March 6, 2017, the Supreme Court held in *Beckles v. United States*, __ U.S.__, 137 S. Ct. 886 (2017) that *Johnson* does not apply to U.S.S.G. § 4B1.2(a)(2) because, unlike the ACCA, the Guidelines are advisory only. Thus, challenges under § 2255 to sentences imposed under the sentencing guidelines are not subject to *Johnson* challenges.

Since McRae's motion rests entirely on the argument that *Johnson* applies to his claim, the Court **DENIES** his Motion to Correct Sentence Under 28 U.S.C. § 2255.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**September 25, 2017**